BOGGS, Chief Judge,
concurring in part and dissenting in part.
I concur in Judge Clay’s well-reasoned opinion in Parts II and III, concerning Moorer’s claim under the Americans with Disabilities Act. However, I dissent from Part IV of the opinion, overturning Judge Donald’s summary judgment on Moorer’s claim under the Family and Medical Leave Act. My reasoning is simple: if, as the district court found and our court affirms, Moorer was fired because of illegal dis *491 crimination based on the perception that he was disabled, how can it also be that he was fired because of retaliation against him for taking FMLA leave? In fact, there is not a shred of evidence that his firing had anything to do with his taking of FMLA leave. The FMLA leave was directed by his employer, and Moorer had no objection to the taking of the leave in itself. In fact, he seems to have believed that by taking the leave and other actions under the Employee Assistance Program, he would be taking steps to retain his job.
The majority’s reasoning on this point relies on comparison to cases such as Ar-ban where the reasons given for a firing were pretextual, and no other relevant events were occurring, other than the taking of FMLA leave. Under such circumstances, an inference sufficient to defeat summary judgment might be drawn, based on events “in connection with” the FMLA leave.
This is not at all the situation in the instant case. The only “connection” with the FMLA leave is that Moorer was on FMLA leave when he was improperly fired for other reasons. Moorer has never alleged any causal connection between his termination and his taking FMLA leave, and as the district court noted, has presented no evidence of such a connection. Thus, no reasonable finder of fact could infer from the evidence before the district court that Moorer’s termination was in any way related to his taking FMLA leave.
As an analogy, consider the situation of an employee who takes FMLA leave for clearly legitimate medical reasons, without any complaint or concern by anyone. While on that leave, the employee’s supervisor is replaced by a person with a long history of racism, who proceeds to fire the employee on pretextual grounds. Under those circumstances, the employee would have a meritorious Title VII race discrimination claim, but would not have an FMLA claim. The record before us supports an equivalent determination here, and I therefore respectfully dissent from the panel’s reinstatement of the FMLA claim.